UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Julia Ya Zhao, Frederick Hausheer, Hongran Stone, individually and on behalf of all others similarly situated | ) ) ) ) | |
| Plaintiffs | ) | |
| v. | ) ) | |
| USA FENCING ASSOCIATION a Colorado Corporation | ) ) ) | Civil Case No.: 4:25-cv-00931-O |
| and | ) ) ) ) | |
| Donald Alperstein, David Arias, Phil Andrews, Damien Lehfeldt, Lauryn Deluca, Kat Holmes, individually | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRATNING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

On this day, the Court considered Plaintiffs' Motion for Class Certification under Fed. R Civ. P. 23. The Court has reviewed the motion, the record, and any response and reply, and has considered the arguments of counsel. For the reasons stated below, the Court finds that Plaintiffs have satisfied the requirements of Rule 23(a) and Rule 23(b)(3), and that class certification is appropriate.

**Findings and Conclusions**

1. **Jurisdiction and venue.** The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties, and venue is proper in this District.

2. **Class definition.** The Court finds that an ascertainable class exists and certifies the following class (the "Class"):

   All parents and legal guardians of minor athletes assigned female at birth who participated in women's or girls' events at the March 2023 and/or November 2023 North American Cup ("NAC") fencing tournaments in Fort Worth, Texas.

3. **Rule 23(a) requirements.** The Court finds that the Class satisfies Rule 23(a):

4. **Numerosity.** The Class is so numerous that joinder of all members is impracticable.

5. **Commonality.** There are questions of law and fact common to the Class, including issues concerning Defendants' uniform policies and practices implemented at the March and November 2023 NAC tournaments in Fort Worth, Texas, and whether those policies and practices misrepresented women's and girls' events as sex-segregated while allowing biological males to compete, and promoted alcohol sponsorships at youth tournaments.

6. **Typicality.** The claims of the Class Representatives are typical of the claims of the Class because they arise from the same alleged course of conduct and are based on the same legal theories.

7. **Adequacy.** The Class Representatives will fairly and adequately protect the interests of the Class, and there are no disabling conflicts between the Class Representatives and absent Class members.

2

8. **Rule 23(b)(3) requirements.** The Court finds that the Class satisfies Rule 23(b)(3):

9. **Predominance.** Questions of law or fact common to Class members predominate over any questions affecting only individual members.

10. **Superiority.** A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

11. **Rule 23(g) appointment of class counsel.** The Court finds that the following counsel will fairly and adequately represent the interests of the Class and are appointed as Class Counsel under Rule 23(g):

Ni, Wang & Massand, PLLC; and

Mahdavi, Bacon, Halfhill & Young, PLLC.

**ORDER**

Accordingly, IT IS ORDERED that:

1. Plaintiffs' Motion for Class Certification is GRANTED.

2. This action is certified as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3). The Class is defined as: "All parents and legal guardians of minor athletes assigned female at birth who participated in women's or girls' events at the March 2023 and/or November 2023 North American Cup ("NAC") fencing tournaments in Fort Worth, Texas."

3. The following individuals are appointed as Class Representatives:

Julia Ya Zhao;

Frederick Hausheer; and

Hongran Stone.

4. Ni, Wang & Massand, PLLC and Mahdavi, Bacon, Halfhill & Young, PLLC are appointed as Class Counsel pursuant to Rule 23(g).

5. Within 30 days of this Order, the parties shall meet and confer and file a joint proposed Rule 23(c)(2)(B) notice plan (including the proposed form(s) of notice, method(s) of dissemination, and a proposed schedule), or if the parties cannot agree, separate proposals with a statement of disputed issues.

6. Any judgment in this action will include and bind all Class members who do not timely request exclusion in accordance with Court-approved notice and opt-out procedures.

7. The Court retains jurisdiction to modify the Class definition, create subclasses, and issue further orders consistent with Rule 23 and the fair and efficient administration of this action.

SO ORDERED.

SIGNED on _____, 2026.

_____
U.S. DISTRICT JUDGE

4

APPROVED & ENTRY REQUESTED:


NI, WANG & MASSAND, PLLC

MAHDAVI, BACON, HALFHILL & YOUNG, PLLC

By: /s/ Timothy T. Wang
Timothy T. Wang
TX Bar #： 24067927
twang@nilawfirm.com
8140 Walnut Hill Ln
Suite 615
Dallas, TX 75231
(972) 331-4600

By: /s/ James T. Bacon
James T. Bacon (admitted *pro hac vice*)
VA Bar #： 22146
jbacon@mbhylaw.com
Charles Xiaolin Wang (admitted *pro hac vice*)
DC Bar #： 470265
cwang@mbhylaw.com
11350 Random Hills Rd.
Suite 700
Fairfax, Virginia 22030
(703) 420-7620

*Counsel for Plaintiffs Julia Ya Zhao,*
*Frederick Hausheer, Hongran Stone,*
*individually and on behalf of all others similarly situated*

5