**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| Julia Ya Zhao, Frederick Hausheer, | ) | |
| Hongran Stone, individually and on behalf of all | ) | |
| others similarly situated | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| USA FENCING ASSOCIATION | ) | |
| a Colorado Corporation | ) | Civil Case No.:4:25-cv-00931-O |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Donald Alperstein, David Arias, Phil Andrews, | ) | |
| Damien Lehfeldt, Lauryn Deluca, Kat Holmes, | ) | |
| individually | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION FOR CLASS CERTIFICATION**

Plaintiffs Julia Ya Zhao, Frederick Hausheer, and Hongran Stone, individually and on behalf of all others similarly situated, respectfully move this Court to certify this action as a class under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

FACTUAL BACKGROUND ............................................................................................... 1

LEGAL STANDARD .......................................................................................................... 2

ARGUMENT ....................................................................................................................... 4

    A.       The Proposed Class Meets All Requirements of Rule 23(a). ................................ 5

        i.  Numerosity. ..................................................................................................... 5

        ii. Commonality. ................................................................................................. 6

        iii.  Typicality. ................................................................................................... 8

        iv. Adequacy of Representation. ....................................................................... 9

    B.       The Proposed Class Satisfies Rule 23(b)(3) Requirements. ............................... 10

        i.  Common Questions Predominate Over Individual Issues. .................................... 10

        ii. A Class Action Is Superior to Other Available Methods. ....................................... 12

    C.       The Proposed Class Is Adequately Defined and Ascertainable. .......................... 13

    D.       Defendants' Motions do Not Preclude Class Certification. ................................ 15

        i.  Jurisdictional and Venue Challenges. ...................................................................... 15

        ii. Ted Stevens Act Arguments. .................................................................................... 15

CONCLUSION ................................................................................................................. 16

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Chavez v. Plan Ben. Servs., Inc.*, 108 F.4th 297 (5th Cir. 2024) ......................................................3

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) .......................................................................2, 3

*Braidwood Mgmt. v. EEOC*, 70 F.4th 914 (5th Cir. 2023) ..............................................................3

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ................................................................3, 7

*Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496 (5th Cir. 2004) ........................................................3

*Cleven v. Mid-America Apartment Cmtys., Inc.*, 20 F.4th 171 (5th Cir. 2021) ..............................3

*Ibe v. Jones*, 836 F.3d 516 (5th Cir. 2016) ........................................................6, 8, 11, 10, 12, 13

*Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 (5th Cir. 1981) ............................................5

*Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620 (5th Cir. 1999) ........................................6

*Teta v. Chow (In re TWL Corp.)*, 712 F.3d 886 (5th Cir. 2013)......................................................6

*M.D. v. Perry*, 675 F.3d 832 (5th Cir. 2012) ................................................................................6

*Adickes v. Hellerstedt*, 753 F. App'x 236 (5th Cir. 2018)..........................................................7, 8

*Pederson v. La. State Univ.*, 213 F.3d 858 (5th Cir. 2000)............................................................7

*Huynh v. Walmart Inc.*, 30 F.4th 448 (5th Cir. 2022)....................................................................7

*Jenkins v. Raymark Indus.*, 782 F.2d 468 (5th Cir. 1986) ............................................................8

*Stirman v. Exxon Corp.*, 280 F.3d 554 (5th Cir. 2002)..................................................................8

*Angell v. GEICO Advantage Ins. Co.*, 67 F.4th 727 (5th Cir. 2023) ..........................................8, 9

*James v. City of Dall.*, 254 F.3d 551 (5th Cir. 2001)......................................................................8

*Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408 (5th Cir. 2017)..................................................9

*Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125 (5th Cir. 2005) ....................................................10

*Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330 (5th Cir. 2012) ....................10, 12

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016) ..........................................................10, 12

*Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011)................................................10

*LONGDEN v. SUNDERMAN*, 123 F.R.D. 547 (N.D. Tex. 1988)....................................................11

*Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629 (5th Cir. 2016) ....................................................11

*Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221 (5th Cir. 2009) ............................11

*In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014) ............................................................12

*Robinson v. Tex. Auto. Dealers Ass'n*, 387 F.3d 416 (5th Cir. 2004) ..........................................12

*John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443 (5th Cir. 2007)................................................13

*DeBremaecker v. Short*, 433 F.2d 733 (5th Cir. 1970)..........................................................13, 14

*Seeligson v. Devon Energy Prod. Co., L.P.*, 761 F. App'x 329 (5th Cir. 2019) ............................14

*Chavez v. Plan Ben. Servs.*, 957 F.3d 542 (5th Cir. 2020) ..........................................................15

*Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240 (5th Cir. 2020) ............................................15

**Statutes**                                                                                                    **Page**

Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.........................2, 4, 7, 11

Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41–17.63...................................................................................................................................7, 11

Ted Stevens Amateur Sports Act, 36 U.S.C. § 220501 et seq.......................................................15

**Rules**                                                                                                        **Page**

Fed. R. Civ. P. 23(a) ......................................................................................................2, 3, 4, 5

Fed. R. Civ. P. 23(a)(1)..........................................................................................................5

Fed. R. Civ. P. 23(a)(1-4) .......................................................................................................2

Fed. R. Civ. P. 23(a)(2)...........................................................................................................6

Fed. R. Civ. P. 23(a)(3)...........................................................................................................8

Fed. R. Civ. P. 23(a)(4)......................................................................................................9, 10

Fed. R. Civ. P. 23(b) ..............................................................................................................2

Fed. R. Civ. P. 23(b)(2)...........................................................................................................3

Fed. R. Civ. P. 23(b)(3)..........................................................................................2, 3, 4, 10, 12

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Pursuant to Local Rule 7.2, This brief has been prepared with the assistance of generative artificial intelligence.

**FACTUAL BACKGROUND**

1.    Defendant USA Fencing Association ("USFA") is a Colorado nonprofit corporation serving as the national governing body for fencing in the United States. USFA hosted two major North American Cup ("NAC") fencing tournaments in Fort Worth, Texas, from March 3-6, 2023, and November 10-13, 2023. These tournaments featured multiple events segregated by age, sex, and weapon category, with the vast majority of participants being minors, including many Texas residents. Over 2,300 athletes participated in the March 2023 NAC and over 2,200 in the November 2023 NAC.

2.    Plaintiffs are parents and legal guardians of minor athletes who participated in events designated as "women's" or "girls'" events at these tournaments. Plaintiff Julia Ya Zhao's daughter participated in the Y14 Women's Foil events at both tournaments. Plaintiff Frederick Hausheer's daughter competed in the Y14 and Cadet Women's Épée events at the November 2023 NAC. Plaintiff Hongran Stone's daughter competed in the Y14 and Cadet Women's Saber events at the March 2023 NAC and the Y14, Cadet, and Junior Women's Saber events at the November 2023 NAC.

3.    Plaintiffs allege that USFA implemented a transgender and non-binary athlete eligibility policy allowing biological males to compete in women's events without restriction for athletes under 16 years old. This policy was not disclosed in USFA's advertising or registration materials, which uniformly represented the events as sex-segregated competitions. Additionally, USFA promoted alcohol sponsorships at these youth tournaments, including visible branding and

1

member benefits from an alcohol distributor, without restricting access or advertising to minors.

4. Plaintiffs and class members paid registration fees, travel costs, and lodging expenses in reliance on USFA's representations that the competitions were sex-segregated and free from alcohol marketing targeted at minors. USFA allegedly received federal funding through Paycheck Protection Program loans and funding from the United States Olympic & Paralympic Committee, making it subject to Title IX's requirements.

## **LEGAL STANDARD**

5. Under Fed. R. Civ. P. 23, a party seeking class certification must satisfy the requirements of both Rule 23(a) and at least one subsection of Rule 23(b). Courts in the Fifth Circuit and the United States Supreme Court have emphasized that this determination requires a "rigorous analysis" to ensure compliance with Rule 23's prerequisites. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

6. Rule 23(a) sets forth four threshold requirements that must be met for class certification, numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Numerosity requires that the class be so numerous that joinder of all members is impracticable. Commonality requires that there be questions of law or fact common to the class. Typicality requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. Adequacy of representation requires that the representative parties fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1-4). These requirements ensure that the class representative's claims are sufficiently cohesive with those of the absent class members to warrant class treatment.

7. In addition to satisfying Rule 23(a), the party must demonstrate that the proposed class action fits within one of the three categories outlined in Rule 23(b). Under Rule 23(b)(3), the

party must show that common questions of law or fact predominate over individual questions and that a class action is superior to other methods for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); *Chavez v. Plan Ben. Servs., Inc.*, 108 F.4th 297, 316 (5th Cir. 2024); *Comcast* 569 U.S. at 30. Under Rule 23(b)(2), certification is appropriate when the party opposing the class has acted or refused to act on grounds generally applicable to the class, making injunctive or declaratory relief appropriate for the class as a whole. Fed. R. Civ. P. 23(b)(2); *Braidwood Mgmt. v. EEOC*, 70 F.4th 914, 933 (5th Cir. 2023).

8.      A court's "rigorous analysis" to determine whether the Rule 23 requirements are met may overlap with the merits of the underlying claim, as the court must probe behind the pleadings to evaluate the evidence supporting class certification. *See Comcast Corp.*, 569 U.S. at 33-34; *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011). In *Wal-Mart Stores, Inc.*, the Court emphasized that actual, not presumed, compliance with Rule 23(a) is indispensable, and that certification is proper only if the trial court is satisfied that the prerequisites have been met after a thorough review. 564 U.S. at 350-51. Similarly, in *Comcast Corp.*, the Court reiterated that evidentiary proof is required to satisfy Rule 23(b)(3)'s predominance requirement. 569 U.S. at 33-34.

9.      The Fifth Circuit applies the same rigorous analysis standard and has further clarified that district courts must detail with specificity how the plaintiff has met the Rule 23 requirements. *See Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 503 (5th Cir. 2004). The Fifth Circuit has also articulated an ascertainability requirement, which mandates that the class be adequately defined and clearly ascertainable. *See Cleven v. Mid-America Apartment Cmtys., Inc.*, 20 F.4th 171, 175-76 (5th Cir. 2021). This requirement ensures that absent class members can be objectively identified in an administratively feasible manner.

**ARGUMENT**

10.     The proposed class satisfies all requirements for certification under Fifth Circuit precedent. First, the class meets Rule 23(a)'s prerequisites: (1) numerosity – the class includes hundreds of geographically dispersed parents whose joinder would be impracticable; (2) commonality – multiple questions of law and fact are common to the class, including whether USFA's policies violated Title IX and consumer protection laws; (3) typicality – the named plaintiffs' claims arise from the same conduct and are based on the same legal theories as those of all class members; and (4) adequacy – the named plaintiffs and their counsel will fairly and adequately represent the class.

11.     Second, the class satisfies Rule 23(b)(3)'s requirements: (1) predominance – common questions regarding USFA's policies and practices predominate over individual issues, and individualized damages calculations do not defeat predominance under Fifth Circuit precedent; and (2) superiority – a class action is superior to individual actions given the relatively small individual damages, the efficiency of resolving common issues in a single proceeding, and the absence of significant management difficulties.

12.     The proposed class is adequately defined and ascertainable based on objective criteria that can be verified through USFA's records. Defendants' jurisdictional and venue challenges do not preclude class certification, as these issues can be addressed separately from the Rule 23 analysis.

13.     The named Plaintiffs are adequate representatives of the entire class. The named Plaintiffs are parents and legal guardians of minor athletes who registered for and participated in women's or girls' events at the NAC tournaments at the core of every class member's claim. They paid the same registration fees, incurred similar travel and lodging expenses, and relied on the

4

same representations from Defendants that the competitions were sex-segregated. Their injuries are therefore identical in kind to all other class members. No named Plaintiff has any interest that diverges from or is antagonistic to the common objective of the class members' interests in recovering damages caused by Defendant's representations. The named plaintiff's have the ability to fund this action until its conclusion, without needing arrangements with other class members for the payment of plaintiff's attorney's fees.

14. The amount in controversy exceeds $75,000. With approximately one thousand female athletes participating across the two NAC tournaments in March and November 2023, each represented by a parent or legal guardian who paid registration fees, travel costs, and lodging expenses in reliance on Defendant's representations, the aggregate out-of-pocket expenditures of the class members combined exceed $75,000.00, exclusive of interest and costs.

**A. The Proposed Class Meets All Requirements of Rule 23(a).**

**i. Numerosity.**

15. The proposed class satisfies the numerosity requirement of Rule 23(a)(1), which provides that a class action is proper where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Fifth Circuit has established that while plaintiffs "must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members," the court has "repeatedly noted that 'the number of members in a proposed class is not determinative of whether joinder is impracticable.'" *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016) (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981)).

16. Here, the proposed class consists of parents or legal guardians of minor athletes who participated in women's or girls' events at the March and November 2023 NAC tournaments in Fort Worth, Texas. With over 2,300 athletes participating in the March 2023 NAC and over

5

2,200 in the November 2023 NAC, the approximate size of the class is estimated to be one thousand parents. The Fifth Circuit has found that a class of "100 to 150 members 'is within the range that generally satisfies the numerosity requirement.'" *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 624 (5th Cir. 1999) (quoting 1 Newberg on Class Actions § 3.05, at 3-25 (3d ed. 1992) for the suggestion that any class greater than forty members should raise a presumption that joinder is impracticable).

17.     Beyond sheer numbers, the Fifth Circuit instructs courts to consider "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Ibe*, 836 F.3d at 528. The geographical dispersion factor strongly supports a finding of numerosity in this case. The NAC tournaments are national competitions that attract participants from across the United States, as evidenced by the named plaintiffs residing in different states (Texas and California). This dispersion makes joinder impracticable. *See Mullen*, 186 F.3d at 624. In addition, while class members can be identified through USFA's registration records, the nature of this action, involving allegations of misrepresentation regarding transgender policies and alcohol sponsorships, and the relatively modest size of each individual claim further support the conclusion that joinder would be impracticable. *See Teta v. Chow (In re TWL Corp.)*, 712 F.3d 886, 894 (5th Cir. 2013).

### ii.    Commonality.

18.     Rule 23(a)(2) requires that "there are questions of law or fact common to the class." The Supreme Court and Fifth Circuit alike have clarified that commonality requires that class members' claims "depend upon a common contention" that is "capable of class-wide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *M.D. v. Perry*, 675 F.3d 832, 840 (5th Cir. 2012)

(quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011)). A single common question of law or fact is sufficient if it meets these criteria. *See Adickes v. Hellerstedt*, 753 F. App'x 236, 245 (5th Cir. 2018).

19.    Here, several common questions exist that satisfy the aforesaid standard: (1) whether USFA violated Title IX by allowing biological males to compete in women's events while receiving federal funding; (2) whether USFA falsely advertised "women's" or "girls'" events while intending to include biological males; (3) whether USFA's alcohol marketing was unlawfully targeted to minor athletes; (4) whether USFA's policies and practices violated the Texas Deceptive Trade Practices Act; and (5) whether class members sustained damages and the proper measure of such damages. These questions are central to all class members' claims and can be resolved on a class-wide basis. USFA's policies and practices were uniform across the March and November 2023 NACs, affecting all class members in substantially the same way. The Fifth Circuit has recognized that when an institution "makes a decision not to provide equal athletic opportunities for its female students because of paternalism and stereotypical assumptions about their interests and abilities, that institution intended to treat women differently because of their sex." *Pederson v. La. State Univ.*, 213 F.3d 858, 880 (5th Cir. 2000). This legal standard would apply uniformly to all class members' Title IX claims.

20.    Similarly, the Texas Deceptive Trade Practices Act "protects a consumer from false, misleading, or deceptive acts or practices, from an unconscionable action or course of action by any person, and from the breach of an implied or express warranty in the conduct of any trade or commerce that is the producing cause of actual damage." *Huynh v. Walmart Inc.*, 30 F.4th 448, 453 (5th Cir. 2022). As demonstrated by the Second Amended Complaint, the alleged misrepresentations were uniform and directed at all class members. The commonality requirement

7

is further satisfied because the class members "have suffered the same injury." *Adickes*, 753 F. App'x at 245. All class members allegedly paid fees in reliance on USFA's representations.

    **iii.**    **Typicality.**

21.    Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The Fifth Circuit has held that the typicality inquiry focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent. *See Ibe*, 836 F.3d at 528-29; *see also Jenkins v. Raymark Indus.*, 782 F.2d 468, 472 (5th Cir. 1986). Importantly, the test for typicality "is not demanding" and does not require "a complete identity of claims." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002). Rather, "the critical inquiry is whether the [class representative's] claims have the same essential characteristics of those of the putative class." *Angell v. GEICO Advantage Ins. Co.*, 67 F.4th 727, 736-37 (5th Cir. 2023)

22.    In this case, the named plaintiffs, Julia Ya Zhao, Frederick Hausheer, and Hongran Stone, are parents of minor athletes who participated in women's or girls' events at the March and/or November 2023 NAC tournaments. Their claims arise from the same alleged conduct by USFA: implementing a transgender policy without disclosure and promoting alcohol sponsorships at youth tournaments. The named Plaintiffs, like all class members, paid registration, travel, lodging, or other fees in reliance on USFA's representations.

23.    The Fifth Circuit has held that "[i]f the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Stirman*, 280 F.3d at 562 (quoting *James v. City of Dall.*, 254 F.3d 551, 571 (5th Cir. 2001)). Here, the claims of the named Plaintiffs and the class members arise from the same course of conduct by USFA and share the same legal theories regarding misrepresentation and reliance. Any factual differences among

class members, such as the specific amounts paid or the specific events in which their children participated, do not defeat typicality under Fifth Circuit precedent. *Angell*, 67 F.4th at 736.

    **iv.**    **Adequacy of Representation.**

24.    Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The Fifth Circuit considers three factors when evaluating adequacy: "(1) 'the zeal and competence of the representative[s'] counsel'; (2) 'the [willingness] and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees'; and (3) 'the risk of conflicts of interest between the named plaintiffs and the class they seek to represent.'" *Angell*, 67 F.4th at 737 (quoting *Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 412 (5th Cir. 2017)).

25.    First, counsel for the named Plaintiffs possesses the requisite zeal and competence to represent the class. Ni, Wang & Massand, PLLC and Mahdavi, Bacon, Halfhill & Young, PLLC have significant experience in complex litigation. The attorneys have demonstrated their competence through their thorough pleadings and opposition to Defendants' multiple motions to dismiss. Second, the named Plaintiffs have shown their willingness and ability to take an active role in the litigation and protect the interests of absent class members. They have provided detailed declarations, participated in case development, and pursued the litigation despite Defendants' numerous motions to dismiss. They have demonstrated a commitment to protecting the interests of absent class members by seeking both monetary damages and injunctive relief. Third, there are no conflicts of interest between the named Plaintiffs and the class they seek to represent. The named Plaintiffs and class members share the same interests in seeking redress for USFA's alleged misrepresentations and omissions. All seek to recover fees paid in reliance on these representations, and there are no divergent interests that would create conflicts.

26. The Fifth Circuit has not "not, however, created an additional requirement under rule 23(a)(4) that…the putative class representative possess[] a certain level of experience, expertise, wealth or intellect, or a level of knowledge and understanding of the issues, beyond that required by our long-established standards for rule 23 adequacy of class representatives." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005). The named Plaintiffs satisfy these long-established standards and will adequately represent the class.

**B. The Proposed Class Satisfies Rule 23(b)(3) Requirements.**

**i. Common Questions Predominate Over Individual Issues.**

27. Rule 23(b)(3) requires a party seeking class certification to "demonstrate both (1) that questions common to the class members predominate over questions affecting only individual members, and (2) that class resolution is superior to alternative methods for adjudication of the controversy." *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 347-48 (5th Cir. 2012). The predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

28. This analysis begins with the elements of the underlying cause of action. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809-10 (2011). The proposed class of parents and guardians who paid for their children to participate in the March and November 2023 NAC fencing tournaments presents numerous common questions that predominate over individual issues. The Fifth Circuit has recognized that "when 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" *Tyson Foods,*

*Inc.*, 577 U.S. at 453.

29.     Here, several central liability issues can be resolved on a class-wide basis: (1) whether USFA violated Title IX by allowing biological males to compete in women's events while receiving federal funding; (2) whether USFA's advertising of events as sex-segregated was deceptive under the Texas Deceptive Trade Practices Act; (3) whether USFA breached its contracts with members by failing to maintain sex-segregated competitions as promised; and (4) whether USFA's alcohol marketing was unlawfully targeted to minor athletes. These common liability questions predominate over any individual issues. Determining whether USFA's conduct was unlawful will resolve the central issues for all class members in one stroke. *Id.*

30.     While Defendants may argue that individualized issues of reliance and damages defeat predominance, Fifth Circuit precedent establishes that such issues generally do not preclude class certification. *Id.* For claims requiring reliance, courts have recognized that uniform misrepresentations can support a class-wide presumption of reliance. *LONGDEN v. SUNDERMAN*, 123 F.R.D. 547, 553 (N.D. Tex. 1988); *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 646-47 (5th Cir. 2016) (Jolly, J., dissenting). The Fifth Circuit has cautioned that "[i]f the circumstances surrounding each [class member's] alleged reliance" on purported misrepresentations differ, "then reliance is an issue that will have to be proven by each plaintiff, and the proposed class fails [the] predominance requirement." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 227 (5th Cir. 2009). However, here, USFA's alleged misrepresentations about sex-segregated competitions were uniform and directed at all class members, supporting a finding that common issues predominate.

31.     Moreover, regarding damages, the Fifth Circuit has consistently held that "individualized damages calculations will not preclude a finding of predominance." *Ibe*, 836 F.3d

11

at 529 (citing *Tyson Foods, Inc.*, 577 U.S. at 453). The court has recognized that "[e]ven wide disparity among class members as to the amount of damages does not preclude class certification and courts, therefore, have certified classes even in light of the need for individualized calculations of damages." *In re Deepwater Horizon*, 739 F.3d 790, 815-16 (5th Cir. 2014). Here, while class members may have paid different amounts for registration fees, travel costs, and lodging expenses, these individualized damages calculations do not defeat predominance because the common liability issues predominate.

32.    Further, the Fifth Circuit has cautioned that class treatment "may not be suitable where the calculation of damages is not susceptible to a mathematical or formulaic calculation, or where the formula by which the parties propose to calculate individual damages is clearly inadequate." *Ibe*, 836 F.3d at 529. However, in this case, damages can be calculated based on objective evidence such as registration fees, travel receipts, and lodging expenses, making them susceptible to mathematical calculation.

### ii.    A Class Action Is Superior to Other Available Methods.

33.    Rule 23(b)(3) also requires that "class resolution is superior to alternative methods for adjudication of the controversy." *Funeral Consumers All., Inc.*, 695 F.3d at 347-48. The rule identifies four factors relevant to this determination: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. *See Robinson v. Tex. Auto. Dealers Ass'n*, 387 F.3d 416, 425 n.28 (5th Cir. 2004).

34.    First, individual class members have little interest in controlling separate actions

given the relatively small individual damages compared to litigation costs. The Fifth Circuit has recognized that the nature of the action and the size of each plaintiff's claim are relevant to determining whether joinder is impracticable and, by extension, whether a class action is superior. *See Ibe*, 836 F.3d at 528. Here, the cost of individual litigation would likely exceed the potential recovery for most class members, making individual actions impractical.

35.   Second, there is no indication of other litigation concerning this controversy, suggesting that concentration of the claims in a single class action is efficient and appropriate.

36.   Third, the events giving rise to the claims occurred in Fort Worth, Texas, making this forum appropriate for resolving the dispute. The Fifth Circuit has noted that the geographical dispersion of the class is a relevant consideration. *Id*. Here, while class members may be geographically dispersed, the common location of the tournaments makes this forum desirable for concentrating the litigation.

37.   Fourth, there are no unusual difficulties in managing this class action. The class is defined by objective criteria: parents or legal guardians of minor athletes who participated in women's or girls' events at the March and November 2023 NAC fencing tournaments. The Fifth Circuit has recognized that the ease with which class members may be identified is a relevant consideration. *Id*. Here, USFA's records should readily identify the class members.

**C.   The Proposed Class Is Adequately Defined and Ascertainable.**

38.   The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Rule 23. *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). The Fifth Circuit has consistently recognized this requirement, holding that "in order to maintain a class action, the class sought to be represented must be adequately defined and clearly

13

ascertainable." *DeBremaecker*, 433 F.2d at 734. Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings. *Nat'l Sec. Fire & Cas. Co.*, 501 F.3d at 445.

39.    However, that is not the case here. The proposed class in this case is defined with precision and based on objective criteria that can be verified through USFA's records. The class includes all parents or legal guardians of minor athletes who registered for or participated in events designated as 'women's' or 'girls'' events at the March 3-6, 2023, or November 10-13, 2023, North American Cups in Fort Worth, Texas, hosted or sanctioned by Defendant United States Fencing Association, and who paid registration, travel, lodging, or other fees in reliance on Defendants' representations. Second Am. Compl. ¶¶ 1-3, 55, 58.

40.    The aforesaid definition satisfies the ascertainably requirement because it is based on objective criteria: (1) being a parent or legal guardian of a minor athlete; (2) who registered for or participated in women's or girl's events at the specified tournaments; and (3) who paid fees in reliance on defendants' representations. USFA maintains records of all tournament registrations, including the identity of participants, their age, the events in which they participated, and payment information. These records provide an objective basis for identifying class members. Importantly, "the court need not know the identity of each class member before certification; ascertainability requires only that the court be able to identify class members at some stage of the proceeding." *Seeligson v. Devon Energy Prod. Co., L.P.*, 761 F. App'x 329, 333-34 (5th Cir. 2019).

41.    Because Defendant collected registration and membership fees of fencers who participated in the March and November NAC tournaments, minimal discovery is needed to identify all class members. Upon Defendant's disclosure of information regarding the minor athletes participating in women's and girl's events at the March and November NAC tournaments,

those parents and legal guardians may be contacted at minimal expense.

### D. Defendants' Motions do Not Preclude Class Certification.

#### i.   Jurisdictional and Venue Challenges.

42.     Defendants' jurisdictional and venue challenges do not preclude class certification. The Fifth Circuit has recognized that district courts must conduct a "rigorous analysis" of Rule 23 requirements, but this analysis is separate from jurisdictional determinations. *Chavez v. Plan Ben. Servs.*, 957 F.3d 542, 545 (5th Cir. 2020). Courts have discretion in the sequencing of these determinations and may address class certification before resolving threshold jurisdictional issues, or conditionally certify the class pending resolution of these issues. The jurisdictional and venue challenges primarily relate to the individual defendants rather than USFA itself. Even if some individual defendants are dismissed, the class claims against USFA can proceed. The Fifth Circuit has held that "certification is proper only where 'the trial court is satisfied, after a rigorous analysis,' that the Rule's requirements are met." *Id*. This analysis focuses on Rule 23 requirements, not on the merits of jurisdictional challenges.

#### ii.   Ted Stevens Act Arguments.

43.     Defendants' argument that the Ted Stevens Act preempts Plaintiffs' claims and requires exhaustion of administrative remedies goes to the merits of the claims rather than the propriety of class certification. The Fifth Circuit has cautioned that courts should not conduct a preliminary inquiry into the merits of a suit in determining whether it may be maintained as a class action. *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 253 (5th Cir. 2020). The preemption argument can be addressed on a class-wide basis and does not defeat certification. The Fifth Circuit has recognized that "Rule 23 does not set forth a mere pleading standard." *Chavez*, 957 F.3d at 545. Instead, the focus is on whether common questions exist and predominate, not on whether

15

those questions will ultimately be resolved in Plaintiffs' favor.

## CONCLUSION

For the foregoing reasons, Plaintiffs Julia Ya Zhao, Frederick Hausheer, and Hongran Stone, individually and on behalf of all others similarly situated, respectfully request that this Court:

1. Certify this case as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the proposed class defined as all parents or legal guardians of minor athletes who registered for or participated in events designated as "women's" or "girls'" events at the March 3-6, 2023, or November 10-13, 2023, North American Cups in Fort Worth, Texas, hosted or sanctioned by Defendant USA Fencing Association, and who paid registration, travel, lodging, or other fees in reliance on Defendants' representations;

2. Appoint Plaintiffs Julia Ya Zhao, Frederick Hausheer, and Hongran Stone as class representatives;

3. Appoint Ni, Wang & Massand, PLLC and Mahdavi, Bacon, Halfhill & Young, PLLC as class counsel; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: March 31, 2026

Respectfully Submitted,

*/s/ Timothy T. Wang*
Timothy T. Wang
TX Bar #： 24067927
twang@nilawfirm.com
**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln
Suite 615
Dallas, TX 75231
(972) 331-4600

Charles Xiaolin Wang (admitted *pro hac vice*)
DC Bar #：470265
cwang@mbhylaw.com
**Mahdavi, Bacon, Halfhill & Young, PLLC**
11350 Random Hills Rd.
Suite 700
Fairfax, Virginia 22030
(703) 420-7620

James T. Bacon (admitted *pro hac vice*)
VA Bar #：22146
jbacon@mbhylaw.com
**Mahdavi, Bacon, Halfhill & Young, PLLC**
11350 Random Hills Rd.
Suite 700
Fairfax, Virginia 22030
(703) 420-7620

*Counsel for Plaintiffs Julia Ya Zhao,*
*Frederick Hausheer, Hongran Stone,*
*individually and on behalf of all others*
*similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, a true and correct copy of the foregoing has been electronically served on all parties and/or their counsel of record by ECF and in accordance with the Federal Rules of Civil Procedure.

/s/ Timothy T. Wang
Timothy T. Wang

17