**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| Julia Ya Zhao, Frederick Hausheer, Nana Pan, Hongran Stone, individually and on behalf of all others similarly situated | |
| *Plaintiffs*, | Civil Action No. 4:25-cv-00931-O |
| v. | |
| USA FENCING ASSOCIATION a Colorado Nonprofit Corporation | |
| and | |
| Donald Alperstein, David Arias, Phil Andrews, Damien Lehfeldt, Lauryn Deluca, and Kat Holmes, individually. | |
| *Defendants*. | |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTIONS TO DISMISS, TO TRANSFER, AND TO COMPEL ARBITRATION**

Defendants United States Fencing Association ("USFA"), Donald Alperstein ("Alperstein"), David Arias ("Arias"), Phil Andrews ("Andrews"), Damien Lehfeldt ("Lehfeldt"), Lauryn Deluca ("Deluca"), and Kat Holmes ("Holmes") (collectively, "Defendants") request that this Court consider, pursuant to the judicial notice doctrine under Rule 201 of the Federal Rules of Evidence, the following public records in support of their myriad pending motions to dismiss [Dkts. 24-37 and 39-40] filed October 24, 2025, to transfer [Dkt. 38] filed October 24, 2025, and to compel arbitration [Dkt. 65] filed January 7, 2026:

- 1 -

i. **Exhibit 1** is a true and correct copy of the District Court for the State of Colorado's Order Granting Defendants' Motion to Revoke *Pro Hac Vice* Admission of Plaintiffs' Counsel Xiaolin Wang issued in Case No. 2025-cv-31304; *Andrey Geva and Abdel Salem v. USA Fencing and Damien Lehfeldt, Molly Hill, Kat Holmes, Lauryn DeLuca, Jackie Dubrovich, and Andrea Pagnanelli*; in Division 21 of the District Court for El Paso County for the State of Colorado;

ii. **Exhibit 2** is a true and correct copy of Defendants' Motion to Revoke *Pro Hac Vice* Admission of Plaintiffs' Counsel Xiaolin Wang, Exhibits A-E, and Proposed Order filed in Case No. 2025-cv-31304; *Andrey Geva and Abdel Salem v. USA Fencing and Damien Lehfeldt, Molly Hill, Kat Holmes, Lauryn DeLuca, Jackie Dubrovich, and Andrea Pagnanelli*; in Division 21 of the District Court for El Paso County for the State of Colorado;

iii. **Exhibit 3** is a true and correct copy of Plaintiffs' Response to Defendants' Motion to Revoke *Pro Hac Vice* Admission of Plaintiffs' Counsel Xiaolin Wang, Exhibit A (the Affidavit of Xiaolin Wang), and Exhibits 1-6 to Exhibit A filed in Case No. 2025-cv-31304; *Andrey Geva and Abdel Salem v. USA Fencing and Damien Lehfeldt, Molly Hill, Kat Holmes, Lauryn DeLuca, Jackie Dubrovich, and Andrea Pagnanelli*; in Division 21 of the District Court for El Paso County for the State of Colorado; and

iv.      **Exhibit 4** is a true and correct copy of Defendants' Reply in Support of Motion to Revoke *Pro Hac Vice* Admission of Plaintiffs' Counsel Xiaolin Wang filed in Case No. 2025-cv-31304; *Andrey Geva and Abdel Salem v. USA Fencing and Damien Lehfeldt, Molly Hill, Kat Holmes, Lauryn DeLuca, Jackie Dubrovich, and Andrea Pagnanelli*; in Division 21 of the District Court for El Paso County for the State of Colorado.

## II.      BASIS FOR JUDICIAL NOTICE

1.      Under Federal Rule of Evidence 201, judicial notice may be taken of any fact "that is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).  A court may take judicial notice *sua sponte* and must take judicial notice "if requested by a party and supplied with necessary information." *Id.*, Rules 201 (c), (d), and (f).  The Fifth Circuit has articulated this standard as permitting judicial notice of "[s]pecific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy." *Weaver v. U.S.*, 298 F.2d 496, 498 (5th Cir. 1962).  Courts "may take judicial notice at *any stage* of the proceeding." Fed. R. Evid. 201(d) (emphasis added).  The Fifth Circuit has held it is clearly proper in deciding a motion to dismiss under Federal Rule of Civil Procedure 12 to take judicial notice of matters of public record.  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).  A court may take judicial notice of another court's judicial action, as the fact that a judicial action was taken is indisputable and therefore amenable to judicial notice. *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004).

2.      Once a party requests judicial notice and supplies copies of the relevant public records, the party has satisfied the requirement that necessary information be provided, making

judicial notice mandatory under Rule 201(c)(2).  *Polnac v. City of Sulphur Springs*, 555 F.Supp.3d 309, 328 (E.D. Tex. 2021).  Court records and dockets from other proceedings are appropriate for judicial notice.  *Id.*, at 327 ("Documents in judicial actions and cases' dockets are public records of which any court can take judicial notice.")  A request to take judicial notice may be made by brief, and an opponent's opportunity to address the issue in briefing is sufficient to provide the opportunity to be heard regarding the propriety of taking judicial notice.  *Texas v. United States Department of Homeland Security*, 722 F.Supp.3d 688, 695 (S.D. Tex. 2024) (citing *MAZ Encryption Techs., LLC v. Blackberry Ltd.*, 347 F.Supp.3d 283, 293 (N.D. Tex. 2018)).

3.      Defendants request that the Court take judicial notice of the judicial action of the state court in Colorado against counsel Charles Xiaolin "Charlie" Wang, counsel for plaintiffs and a "partner" in the firm of Mahdavi, Bacon, Halfhill & Young, PLLC,[1] through the revocation of his *pro hac vice* admission.  True and correct copies of Exhibits 1-4, which are the briefing of the parties and the order of the state court in Colorado, are currently in the possession of, and/or are available to all parties.

4.      The judicial action of the state court in Colorado against counsel Wang is appropriate for judicial notice because it is germane to the administration of the case currently before this Court.  To wit, Wang has been admitted *pro hac vice* by this Court,[2] and as part of that admission process Wang attached the same documents and made the same representations about

---

[1] "Charles Wang is a partner and the Chair of our Asian Pacific Practice."
https://www.mbhylaw.com/attorneys/charles-wang/, accessed June 16, 2026.  Notably, he "also serves as the pro bono general counsel for a New York nonprofit organization fairfencing.org, where he promotes fair competition, transparency, and safe sports in the US fencing community."  *Id.*

[2] The application for admission *pro hac vice* with certificate of good standing for attorney Charles Xiaolin Wang [Dkt. 8] was filed on August 26, 2025, prior to the order transferring the case from the Dallas Division to the Fort Woth Division [Dkt. 10], issued on August 27, 2025.  The Court granted his application for *pro hac vice* [Dkt. 11] on August 27, 2025.  On October 22, 2025, he entered his notices of appearance on behalf of plaintiffs Zhao [Dkt. 20], Pan [Dkt. 21], Stone [Dkt. 22], and Hausheer [Dkt. 23].

his suspension by the New York Bar as the ones for which his *pro hac vice* admission in Colorado state court was revoked.  Furthermore and regardless of the troubling lack of candor in Wang's initial *pro hac vice* application to this Court, his representations to this Court under sections VI ("Applicant has never involuntarily lost, temporarily or permanently, the right to practice before any court or tribunal, or resigned in lieu of discipline, except as provided below:" and VII ("Applicant has never been subject to grievance proceedings or involuntary removal proceedings—regardless of outcome—while a member of the bar of any state or federal court or tribunal that requires admission to practice, except as provided below:") are no longer accurate as result of the judicial action of the state court of Colorado, yet he has failed to correct his filings. *See* Application for Admission *Pro Hac Vice* with certificate of good standing for Attorney Charles Xiaolin Wang [Dkt. 8], at 2, *and compare with*, Exhibit 4.  Because Wang was admitted *pro hac vice* to this Court, Wang became subject to the rules of the Norther District of Texas, which require not only candor but self-reporting requirements.  *See, e.g.,* N.D. Tex. Loc. R. 83.8.

### III.    CONCLUSION

5.    Defendants have requested that the Court take judicial notice of the judicial action of the state court of Colorado against counsel Charles Xiaolin "Charlie" Wang through the revocation of his *pro hac vice* admission for the reasons stated by that court.  Defendants have provided true and correct copies of the briefing and the order of that court, thus supplying the necessary information for this Court to take judicial notice of the judicial action of the state court of Colorado.  Under Federal Rule of Evidence 201, the Court must take judicial notice as requested.

### IV.    PRAYER

Based on the foregoing, Defendants request that the Court take judicial notice of the judicial action of the state court of Colorado and for such other and further relief to which they may be entitled in equity or law.

DATED: June 16, 2026

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _____

Robert Lemus
Texas Bar No.: 24052225
rlemus@grsm.com
1900 West Loop South, Suite 1000
Houston, Texas 77027
(713) 490-4869 - Telephone
(713) 961-3938 - Facsimile

**ATTORNEYS FOR DEFENDANTS
UNITED STATES FENCING
ASSOCIATION, DONALD
ALPERSTEIN, PHIL ANDREWS,
DAVID ARIAS, LAURYN DELUCA,
KAT HOLMES, and DAMIEN
LEHFELDT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the June 16, 2026, a true and correct copy of the foregoing instrument has been electronically served on all parties and/or their counsel of record by ECF and in accordance with the Federal Rules of Civil Procedure.


*/s/ Robert Lemus*
Robert Lemus