# EXHIBIT 1

| | |
|---|---|
| **DISTRICT COURT, EL PASO COUNTY, COLORADO**<br>Court Address:<br>270 S. TEJON, COLORADO SPRINGS, CO, 80903 | |
| **Plaintiff(s)** ANDREY GEVA et al.<br>v.<br>**Defendant(s)** USA FENCING et al. | DATE FILED<br>June 3, 2026 2:03 PM<br>CASE NUMBER: 2025CV31304 |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2025CV31304<br>Division: 21          Courtroom: |
| **Order:Order Granting Defendants' Motion to Revoke Pro Hac Vice Admission of Plaintiffs' Counsel Xiaolin Wang** | |

The motion/proposed order attached hereto: GRANTED.

Mr. Wang's affidavit, submitted with Plaintiffs' Response, confirms rather than rebuts the basis for revocation. He now concedes that paragraph 3 of his verified *pro hac vice* motion was "inaccurate" (Wang Aff. ¶ 3); that his suspension arose from registration failures beginning in 2016, not during the "COVID period" as the verified motion claimed (Wang Aff. ¶ 5(1)"(6)); that when he represented to this Court in June 2025 that he was "in the process of being reinstated," the only reinstatement motion he had filed was rejected and returned to him in 2024 (Wang Aff. ¶ 5(10)"(11)); and the emergency room visit at which the dictation-error defense relies did not occur until September 2025, three months after the verified motion was signed (Wang Aff. ¶ 5(13)). Mr. Wang also asserts he has since refiled the reinstatement motion (Wang Aff. ¶ 5(15)), but provides no filing date, case number, receipt, or copy of the refiled motion.

Plaintiffs' single defense " blaming his wife for a dictation error during illness" fails for three reasons grounded in Mr. Wang's own sworn statements. *First*, the affidavit's chronology defeats the defense. The hospitalization it invokes occurred in September 2025, three months *after* the June 17, 2025, verified motion. Wang Aff. ¶ 5(13). And to the extent Mr. Wang claims he was symptomatic earlier (Wang Aff. ¶ 5(12)), an attorney who knows he cannot read what he signs has an obligation not to verify it. Colo. RPC 3.3(a)(1).

*Second*, the affidavit confirms that Mr. Wang was in the United States, not China as previously stated, throughout the COVID period. He now swears he returned to the U.S. at "the end of 2019" and "have stayed in the U.S. since then." Wang Aff. ¶ 5(5). The verified motion's representation that he was "experiencing infirmity in China . . . during the COVID period" is therefore false on both location and cause.

*Third*, the "in the process of being reinstated" representation was false when made. Mr. Wang concedes his June 2023 motion for reinstatement was returned in 2024 and that he did not refile until "recently" (Wang Aff. ¶ 5(10), (11), (15)).1 For nearly two years between the rejected application and the verified motion, no reinstatement proceeding existed.

C.R.C.P. 205.3(2)(b)(iii) requires accurate disclosure of "the date of the action, the nature of the violation, and the penalty imposed." Mr. Wang's verified motion misstated the cause, the timing, and the status. Revocation is the proportionate response under these facts. Wherefore the request to revoke pro hac vice admission of Xiaolin Wang is GRANTED.

Issue Date:  6/3/2026

*[signature]*

MICHAEL P MCHENRY
District Court Judge

| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 S. Tejon<br>Colorado Springs, CO 80903<br>719-452-4000 | |
| **Plaintiff:**<br>ANDREY GEVA, ABDEL SALEM,<br>as directors, derivatively on behalf of the USA<br>FENCING, a Colorado nonprofit corporation<br><br>v.<br><br>**Defendants:**<br>USA FENCING; DAMIEN LEHFELDT;<br>MOLLY HILL; KAT HOLMES; LAURYN DELUCA;<br>JACKIE DUBROVICH, ANDREA PAGNANELLI | ▲ **COURT USE ONLY** ▲ |
| | Case No.: 2025 cv 31304<br><br>Div. 21 |
| **ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PRO HAC VICE ADMISSION OF PLAINTIFFS' COUNSEL XIAOLIN WANG** | |

THIS MATTER having come before the Court on Defendants' Motion to Revoke *Pro Hac Vice* Admission of Plaintiffs' Counsel Xiaolin Wang ("Motion"), the Court having reviewed the Motion, any response thereto, the record in this matter, and being otherwise fully advised in the premises, hereby finds and orders as follows:

### FINDINGS OF FACT

1.     On June 17, 2025, Plaintiffs' counsel Xiaolin Wang filed an Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission ("Verified Motion") in this matter pursuant to C.R.C.P. 205.3.

2.     The Court granted the Verified Motion on June 17, 2025.

3.      On June 26, 2025, the Colorado Supreme Court Office of Attorney Registration filed an advisement with this Court stating that a disciplinary history check revealed adverse information in New York for Xiaolin Wang, along with a copy of the New York suspension order.

4.      The record establishes that Mr. Wang has been suspended from the practice of law in the State of New York since October 7, 2021, by order of the New York Supreme Court, Appellate Division, due to his failure to fulfill his attorney registration obligations for at least two consecutive biennial registration periods since 2016.

5.      In his Verified Motion, Mr. Wang represented he was suspended "solely due to failure to registered during the COVID period" while he was "experiencing infirmity in China" and lacked internet access due to Chinese government restrictions. This representation is materially false. The New York suspension order and records obtained through a Freedom of Information Law request establish Mr. Wang's registration delinquency commenced in 2016, four years before the COVID-19 pandemic began, and the New York Division of Professional and Court Services mailed notices to Mr. Wang regarding his registration obligations in 2016, 2017, and 2018.

6.      Contemporary news articles based on interviews with Mr. Wang show that during the COVID-19 pandemic, Mr. Wang was living in the Washington, D.C. area, was "stuck in the U.S. as flights to China were grounded," and stated he "has no plans to return to China." Mr. Wang's representation that he was in China and unable to access registration websites due to Chinese government internet restrictions is contradicted by his own public interview statements.

7.      In his Verified Motion, Mr. Wang further represented that he had "since made all payments in arears and is in the process of being reinstated." This representation is materially false. Records from the New York State Unified Court System establish that: (a) Mr. Wang's sole

2

remedial act was a bulk payment of past-due registration fees made on May 23, 2023, which did not cure his suspension; (b) Following that payment, the New York court issued Mr. Wang a "Current/Suspended Letter" on June 13, 2023, confirming that his suspended status remained in effect; (c) Mr. Wang has made no registration payments since May 2023; (d) As of April 2025 — two months before he filed his Verified Motion — Mr. Wang was listed as "Delinquent" for the 2024–2025 registration period; and (e) there is no indication that Mr. Wang has taken any steps to seek formal reinstatement.

8. Mr. Wang's suspension from the New York Bar remains in full effect as of the date of this Order.

**CONCLUSIONS OF LAW**

1. C.R.C.P. 205.3 requires a verified motion for *pro hac vice* admission accurately disclose all jurisdictions in which the applicant has been publicly disciplined, including the nature of the violation. Mr. Wang's Verified Motion failed to satisfy this requirement.

2. Mr. Wang's material misrepresentations in his Verified Motion violated the following Colorado Rules of Professional Conduct:

a. **Colo. RPC 3.3(a)(1)**, which prohibits a lawyer from knowingly making a false statement of material fact or law to a tribunal;

b. **Colo. RPC 3.4(c)**, which prohibits a lawyer from knowingly disobeying an obligation under the rules of a tribunal;

c. **Colo. RPC 4.1(a)**, which prohibits a lawyer from knowingly making a false statement of material fact or law to a third person;

3

d.    **Colo. RPC 5.5(a)(2)**, which prohibits a lawyer from practicing law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction; and

e.    **Colo. RPC 8.4(c)**, which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

3.    *Pro hac vice* admission is a privilege, not a right, and may be revoked where an applicant has made material misrepresentations in his application. *See People v. Pruit*, 452 P.3d 259, 260 (Colo. O.P.D.J. 2019).

4.    Revocation of Mr. Wang's *pro hac vice* admission is warranted and appropriate under the circumstances.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that:

1.    Defendants' Motion to Revoke *Pro Hac Vice* Admission of Plaintiffs' Counsel Xiaolin Wang is **GRANTED**.

2.    The *pro hac vice* admission of Xiaolin Wang, granted by this Court on June 17, 2025, is hereby **REVOKED**, effective immediately.

3.    Xiaolin Wang is prohibited from making any further appearances in this matter as counsel for any party.

4.    The Clerk of Court is directed to transmit a copy of this Order to the Colorado Supreme Court Office of Attorney Registration.

SO ORDERED this _____ day of _____, 2026.

BY THE COURT:

_____
District Court Judge

4