# EXHIBIT 4

| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>   270 S. Tejon<br>   Colorado Springs, CO 80903<br>   719-452-4000 | DATE FILED<br>June 2, 2026 4:26 PM<br>FILING ID: D07650CE73282<br>CASE NUMBER: 2025CV31304 |
|---|---|
| **Plaintiff:**<br>ANDREY GEVA, ABDEL SALEM,<br>as directors, derivatively on behalf of the USA<br>FENCING, a Colorado nonprofit corporation<br><br>v.<br><br>**Defendants:**<br>USA FENCING and DAMIEN LEHFELDT;<br>MOLLY HILL; KAT HOLMES; LAURYN DELUCA;<br>JACKIE DUBROVICH, ANDREA PAGNANELLI | ▲  **COURT USE ONLY**  ▲ |
| ***Attorneys for Defendants:***<br>Tamara A. Seelman, #29391<br>Melissa Weise, #27537<br>GORDON REES SCULLY MANSUKHANI, LLP<br>555 Seventeenth Street, Suite 3400<br>Denver, CO 80202<br>Tel: (303) 534-5160<br>Fax: (303) 534-5161<br>Email:  tseelman@grsm.com<br>      mweise@grsm.com | Case No.:  2025 cv 31304<br><br>Div.  21 |
| **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO REVOKE PRO HAC VICE ADMISSION OF PLAINTIFFS' COUNSEL XIAOLIN WANG** | |

Defendants USA Fencing, Damien Lehfeldt, Molly Hill, Kat Holmes, Lauryn DeLuca, Jackie Dubrovich, and Andrea Pagnanelli (collectively "Defendants"), through undersigned counsel, submit this Reply in Support of their Motion to Revoke the Pro Hac Vice Admission of Plaintiffs' counsel Xiaolin Wang, and in response to Plaintiffs' Response thereto, state as follows:

### INTRODUCTION

Mr. Wang's affidavit, submitted with Plaintiffs' Response, confirms rather than rebuts the basis for revocation. He now concedes that paragraph 3 of his verified *pro hac vice* motion was

1

"inaccurate" (Wang Aff. ¶ 3); that his suspension arose from registration failures beginning in 2016, not during the "COVID period" as the verified motion claimed (Wang Aff. ¶ 5(1)–(6)); that when he represented to this Court in June 2025 that he was "in the process of being reinstated," the only reinstatement motion he had filed was rejected and returned to him in 2024 (Wang Aff. ¶ 5(10)–(11)); and the emergency room visit at which the dictation-error defense relies did not occur until September 2025, three months after the verified motion was signed (Wang Aff. ¶ 5(13)). Mr. Wang also asserts he has since refiled the reinstatement motion (Wang Aff. ¶ 5(15)), but provides no filing date, case number, receipt, or copy of the refiled motion.

Plaintiffs' single defense — blaming his wife for a dictation error during illness— fails for three reasons grounded in Mr. Wang's own sworn statements.

*First*, the affidavit's chronology defeats the defense. The hospitalization it invokes occurred in September 2025, three months *after* the June 17, 2025, verified motion. Wang Aff. ¶ 5(13). And to the extent Mr. Wang claims he was symptomatic earlier (Wang Aff. ¶ 5(12)), an attorney who knows he cannot read what he signs has an obligation not to verify it.  Colo. RPC 3.3(a)(1).

*Second*, the affidavit confirms that Mr. Wang was in the United States, not China as previously stated, throughout the COVID period. He now swears he returned to the U.S. at "the end of 2019" and "have stayed in the U.S. since then." Wang Aff. ¶ 5(5). The verified motion's representation that he was "experiencing infirmity in China . . . during the COVID period" is therefore false on both location and cause.

*Third*, the "in the process of being reinstated" representation was false when made. Mr. Wang concedes his June 2023 motion for reinstatement was returned in 2024 and that he did not

refile until "recently" (Wang Aff. ¶ 5(10), (11), (15)).[1] For nearly two years between the rejected application and the verified motion, no reinstatement proceeding existed.

C.R.C.P. 205.3(2)(b)(iii) requires accurate disclosure of "the date of the action, the nature of the violation, and the penalty imposed." Mr. Wang's verified motion misstated the cause, the timing, and the status. Revocation is the proportionate response.

**ARGUMENT**

**I.      The Wang Affidavit Confirms the Verified Motion Was Materially False.**

The affidavit removes any factual dispute about the falsity of the verified motion. Mr. Wang now swears under oath, contrary to his previous statements under oath, that:

- Paragraph 3 of the verified motion was "inaccurate." Wang Aff. ¶ 3.
- His New York registration failures began in 2016 — four years before COVID. Wang Aff. ¶ 5(1)–(3).
- He returned to the United States at "the end of 2019" and "have stayed in the U.S. since then." Wang Aff. ¶ 5(5).
- His friend, not the Chinese firewall, was the proximate cause of the missed New York payments — because the same friend successfully kept his D.C. registration current. Wang Aff. ¶ 5(2)–(3).
- His June 2023 reinstatement motion was filed in the wrong department and returned in 2024; while he states he filed a corrected motion, he has provided no proof of any such filing. Wang Aff. ¶ 5(10), (11), (15).

Not only does Mr. Wang blame his wife and an unidentified friend for his failings, but these sworn admissions establish that the verified motion was false on at least three points required to be disclosed under C.R.C.P. 205.3(2)(b)(iii): the cause of the discipline (registration failures predating COVID, not COVID-era infirmity); Mr. Wang's location during the asserted excuse period (the United States, not China); and the status of his reinstatement (no pending motion, not

---

[1] Notably, the assertion that he has again filed for reinstatement in New York must be taken on faith as he provides no documentation that he has done so among the other attachments to his newly presented affidavit.

3

"in the process"). Plaintiffs do not dispute any of this. The only remaining issue is whether the misstatements were made knowingly.[2]

## II.    The "Dictation Error" Defense Is Foreclosed by the Affidavit's Own Timeline.

Plaintiffs' entire defense rests on the premise that Mr. Wang dictated an imperfect affidavit during a medical episode that prevented him from reading what he signed. Wang Aff. ¶ 4. The affidavit's own dates show that this explanation cannot account for the verified motion.

By Mr. Wang's sworn account, his "severe dizziness, headache, vomiting, and loss of balance if I read or watch anything close" began in July 2024. Wang Aff. ¶ 5(12). The illness "progressed rapidly in the summer of 2025" and culminated in hospitalization in September 2025. Wang Aff. ¶ 5(13). The verified motion was typed on June 12, 2025 (Wang Aff., Ex. 5 ¶2) and signed five days later on June 17, 2025, before the rapid progression and three months before the hospitalization.

This timeline puts Mr. Wang in a dilemma. Either his reading and writing capacity was sufficient on June 17, 2025 to sign a verified motion he had five days to review, in which case the misstatements were made knowingly, or it was not, in which case he violated his independent duty under Colo. RPC 3.3(a)(1) and (3)(c), first by knowingly verifying a document whose accuracy he could not confirm, and then by later failing to correct the falsehoods. There is no third option in which an attorney both lacks capacity to read his own affidavit and bears no current and ongoing responsibility for its contents.

---

[2] Not inconsequentially, Mr. Wang submitted requests for *pro haec vice* admission that are substantially identical to his petition here, and that contain the same misrepresentations, in two other cases: *Guzzi Vincenti, et al. v. USA Fencing Association, et al.*, Civil Case No.: 4:25-Cv-00850-Fjg (USDC W. Dist. Mo.) and *Zhao*, *et al.* v. *USA Fencing Association, et. al.*, Civil Case No.:4:25-cv-00931-O (USDC N. Dist. Tex.)  He as neither acknowledged the misstatements in those applications nor corrected them.

The affidavit's detail that Mr. Wang "was ambulanced to an emergency room" (Wang Aff. ¶ 4), happened in September 2025, three months *after* the verified motion was filed. That hospitalization cannot retroactively excuse a June 2025 representation.

**III.    The Affidavit Confirms, Rather Than Rebuts, That Mr. Wang Was In The United States During The Period He Blamed On China's Firewall.**

In his affidavit supporting his application to appear *pro hac vice,* Mr. Wang swore he "was suspended by the New York Bar solely due to failure to registered [*sic*] during the COVID period where he was experiencing infirmity in China with no internet access to websites outside of China (Chinese government has been blocking internet access to websites outside of China).  Verified Mot. ¶ 3. Plaintiffs motion to revoke that admission documented, with citations to Mr. Wang's own published interviews, that he was in "the Washington area" throughout the COVID period. Mot. at ¶¶ 10–11; Exs. C–E. Mr. Wang's affidavit does not dispute this. To the contrary, he now confesses under oath that: "In the end of 2019, when COVID started to spread out in China, I took my family back to the U.S. and have stayed in the U.S. since then." Wang Aff. ¶ 5(5).

That admission is dispositive of the verified motion's representation. The verified motion stated that Mr. Wang "was experiencing infirmity in China with no internet access to websites outside of China" "during the COVID period." Verified Mot. ¶ 3. By Mr. Wang's current sworn account, he was not in China during the COVID period. He was in the United States, with full internet access. The Chinese firewall could not have prevented his New York registration payments during 2020–2023 because he was not behind that firewall during 2020–2023. That assertion was clearly pretextual and demonstrably false.

The affidavit tries to salvage the firewall theory by referring to the 2016–2019 window when Mr. Wang concedes he was in China. Wang Aff. ¶ 5(1)–(4). But that highlights, rather than

5

cures, the verified motion's misrepresentation. The verified motion did not attribute the suspension to a 2016–2019 pre-COVID period during which an unidentified friend's payment errors went unnoticed. It attributed the suspension to a "COVID period" in China. Those are different and inconsistent stories, and Mr. Wang has sworn to the truth of each.

**IV.    The "Knowing" Standard Is Satisfied Because Mr. Wang Had Personal Knowledge Of Every Misstated Fact.**

Plaintiffs rely on Colo. RPC 1.0(f)'s definition of "knowingly" as "actual knowledge of the fact in question." Resp. ¶ 13. They omit the rule's next clause: "A person's knowledge may be inferred from circumstances." Colo. RPC 1.0(f). That qualifier governs here, because the affidavit demonstrates that Mr. Wang personally knew every misstated "fact" in the motion he verified:

- He knew when his New York registration lapsed; he now swears it was 2016, when he went to China. Wang Aff. ¶ 5(3), (8).
- He knew where he was during the COVID period; he now swears he returned to the U.S. at "the end of 2019." Wang Aff. ¶ 5(5).
- He knew his June 2023 reinstatement motion had been returned in 2024 because it was filed in the wrong department. Wang Aff. ¶ 5(10)–(11).
- He knew he had not refiled the reinstatement motion as of June 17, 2025, because his own affidavit places the refiling "recently," after he claims his ability to read and write returned. Wang Aff. ¶ 5(15).

With that personal knowledge, Mr. Wang signed a verified motion stating the suspension was attributable to COVID-era infirmity in China and that he was "in the process of being reinstated." On Mr. Wang's own current account, neither statement was true. Under Colo. RPC 1.0(f), the inference of knowledge from these circumstances is unavoidable.

Plaintiffs' reliance on *Obert v. Republic Western Insurance Co.*, 398 F.3d 138, 143 (1st Cir. 2005) does not change this analysis. *Obert* is not binding authority in Colorado. In addition, *Obert* interpreted the word "untruthful" in the context of the Rhode Island ethical rules which are irrelevant to this case.

**V.    A Supplemental Disclosure Is Not an Adequate Remedy.**

Plaintiffs ask the Court to treat the Wang Affidavit as a "corrected or supplemental *pro hac vice* disclosure" and leave his admission in place. Resp. ¶ 26. The Court should decline.

*First*, the "correction" does not correct. The affidavit introduces a new date discrepancy: the medical records and his wife's affidavit (attached as Exhibits 1–5 to the Wang Affidavit), while documenting a September 2025 hospitalization, do not bridge the three-month gap between that hospitalization and the June 17, 2025 verified motion; and the affidavit preserves the China-firewall theory (Wang Aff. ¶ 5(1)–(4)) while admitting facts (Wang Aff. ¶ 5(5)) that contradict it. A "correction" that itself requires further corrections is not a cure.

*Second*, accepting the affidavit as sufficient would eliminate the candor requirement embedded in C.R.C.P. 205.3. An attorney may not verify any motion he choses, and if his misstatements become exposed, simply file a second sworn statement explaining them away. The rule's requirement that the initial motion be verified (C.R.C.P. 205.3(2)(a)(i)) would carry no weight.

*Third*, the practical disruption Plaintiffs invoke (Resp. ¶ 23) is overstated. Plaintiffs remain represented by Sweetbaum Miller PC as Colorado counsel of record, and by James T. Bacon of Mr. Wang's own firm under a separate *pro hac vice* admission. Revocation removes only one of three attorneys.

Plaintiffs also note Mr. Wang offered to withdraw his admission "without prejudice." Mot. at 1–2. Defendants explained in the Motion why that is inadequate (Mot. at 1–2), and the affidavit reinforces the point: by Mr. Wang's own account, his New York suspension is not cured, his reinstatement is only "expect[ed]" within 45 days (Resp. ¶ 3), and he remains, as of the date of this Reply, suspended. A withdrawal without prejudice would simply preserve the option to reappear

7

once the New York issue resolves, treating the misrepresentations to this Court as a procedural inconvenience rather than a violation of the duty of candor.

## CONCLUSION

Defendants respectfully request that the Court grant the Motion and enter an order revoking the *pro hac vice* admission of Plaintiffs' counsel Xiaolin Wang, together with such further relief as the Court deems just.

Respectfully submitted this 2nd day of June, 2026.

GORDON REES SCULLY MANSUKHANI, LLP


 *s/ Tamara A. Seelman*
Tamara A. Seelman
Melissa A. Wiese

*Attorneys for Defendants*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of June, 2026, a true and correct copy of the foregoing was filed and served via Colorado Courts E-Filing system, upon the following counsel of record

Alan D. Sweetbaum
Ryan Hull
SWEETBAUM MILLER PC
1200 Seventeenth Street, Suite 1250
Denver, CO 80202
*asweetbaum@sweetbaumlaw.com*
*rhull@sweetbaumlaw.com*

James T. Bacon
Charles X. Wang
MAHDAVI, BACON, HALFHILL & YOUNG, PC
11350 Random Hills Road, #700
Fairfax, VA 22030
*jbacon@mbhylaw.com*
*cwang@mbhylaw.com*

*Attorneys for Plaintiffs*

*s/ Linda S. Montoya*