**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| Julia Ya Zhao, Frederick Hausheer, Hongran Stone, individually and on behalf of all others similarly situated <br><br> Plaintiffs <br> v. <br><br> USA FENCING ASSOCIATION a Colorado Corporation <br><br><br> and <br><br> Donald Alperstein, David Arias, Phil Andrews, Damien Lehfeldt, Lauryn Deluca, Kat Holmes, individually <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No.:4:25-cv-00931-O |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**

Plaintiffs Julia Ya Zhao, Frederick Hausheer, and Hongran Stone, individually and on behalf of all others similarly situated, respectfully submit this opposition to Defendants' request that this Court take judicial notice of the documents attached to its request dated June 16, 2026 filed as ECF No. 78, pursuant to Fed. R. Evid. 201.

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..........................................................................................................iii

USE OF GENERATIVE ARTIFICIAL INTELLIGENCE ......................................................... 1

INTRODUCTION......................................................................................................................... 1

LEGAL STANDARD.................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

A.      The Facts Defendants Seek to Have Judicially Noticed Are Not Relevant to Any Claim or Defense in This Case ................................................................................................ 3

B.      The Request for Judicial Notice Is Inappropriate Because Mr. Wang Has Filed a Motion to Withdraw as Counsel. ............................................................................................ 5

C.      Judicial notice of Court Proceedings may not be taken for the truth of the matter therein. ............................................................................................................................ 6

D.      The Facts Defendant seeks judicial notice of do not have probative value that outweighs prejudice, would confuse the issues, and confuse a jury. ................................... 6

    i. Weight of Probative value against prejudice. .............................................................. 6

    ii. Defendant seeks to inject collateral issues which would confuse the issues, and cause undue delay. .............................................................................................. 7

CONCLUSION ............................................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page**

*United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co., 668 F. Supp. 2d 780, 789 (E.D. La. 2009)* ………………………………………………………………………………………2, .3

*United States v. Emmons, 524 F. App'x 995, 997 (6th Cir. 2013)* ...............................................2, 3

*Deakle v. Westbank Fishing, LLC, 559 F. Supp. 3d 522, 526 (E.D. La. 2021)* ...........................2, 4

*Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 882 (5th Cir. 2013).* .............................2, 4, 6, 7

*Taylor v. Charter Med. Corp., 162 F.3d 827, 830 (5th Cir. 1998).*..............................................3, 6

*GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074 (7th Cir. 1997)* ...............................3

*PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P., 136 F.4th 568, 575 (5th Cir. 2025)*........6,

*Whitaker v. Collier, 862 F.3d 490, 496 n.10 (5th Cir. 2017*............................................................6

*Novick v. Shipcom Wireless, Inc., 946 F.3d 735, 740 (5th Cir. 2020)* ........................................6, 7

*Carter v. Massey-Ferguson, Inc., 716 F.2d 344, 347 (5th Cir. 1983)*..........................................4, 5


**Rules**                                                                                           **Page**

Fed. R. Evid. 201 ..............................................................................................................................2, 3

Fed. R. Evid. 401 ..............................................................................................................................2, 4

Fed. R. Evid. 402 ..............................................................................................................................2, 3

Fed. R. Evid. 403 ..........................................................................................................................3, 6, 7

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Pursuant to Local Rule 7.2, This brief has been prepared with the assistance of generative artificial intelligence.

**INTRODUCTION**

1. Defendants seek judicial notice of facts regarding a Colorado motion to revoke a pro hac vice application of Plaintiffs' counsel, Charles Xiaolin Wang ("Mr. Wang"), in support of their motions to dismiss, transfer, and compel arbitration. However, the requested judicial notice is improper under the Federal Rules of Evidence and relevant Fifth Circuit precedent. The facts at issue are irrelevant to any claim or defense in this case, moot due to Attorney Wang's pending withdrawal as counsel, would unfairly prejudice Plaintiffs, confuse the issues, and cause undue delay.

**BACKGROUND**

2. On June 16, 2026, Defendants filed their Request for Judicial Notice, seeking to introduce facts from Colorado state court proceedings involving Mr. Wang. *See* ECF No. 78. Specifically, Defendants requested judicial notice of documents regarding the revocation of Mr. Wang's pro hac vice admission in a Colorado case, citing inaccuracies in his application. *See Id*.

3. Defendants did not articulate how these facts are relevant to any claim or defense in this case but asserted that the information is germane to the administration of the case. *Id*.

4. The following day, on June 17, 2026, Mr. Wang filed a motion to withdraw as counsel for Plaintiffs. ECF No. 79. The motion stated that counsels for Plaintiff discussed the motion for the withdrawal of Charles Wang as an Attorney prior to Defendants' filing of its request for judicial notice of facts pertaining to the revocation of Wang's pro hac vice application in Colorado. *Id*. Defendants indicated in those discussions that they opposed the withdrawal of Wang

1

and subsequently filed their request for judicial notice. *Id*.

5.      In support of his motion, Mr. Wang submitted a detailed affidavit explaining the circumstances surrounding his pro hac vice applications in both Colorado and Texas, and stated that in light of errors on his pro hac vice application and related circumstances, it was in the best interest of Plaintiffs that he withdraw from the case. See *id*.

## **LEGAL STANDARD**

6.      Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact only if the fact is "not subject to reasonable dispute" because it is either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 Even if a fact satisfies this test, the court may take judicial notice only if the fact is relevant. *See* Fed. R. Evid. 402; *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 789 (E.D. La. 2009) (stating "Courts may not take judicial notice of irrelevant facts"); *See also United States v. Emmons*, 524 F. App'x 995, 997 (6th Cir. 2013) (denying a request to take judicial notice pertaining to district court proceedings in an unrelated matter); *Deakle v. Westbank Fishing, LLC*, 559 F. Supp. 3d 522, 526 (E.D. La. 2021) (stating "Courts should not take judicial notice of irrelevant facts.").

7.      Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed R Evid 401; *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013). Irrelevant evidence is not admissible, and the same relevance requirement applies to facts subject to judicial notice. Fed. R. Evid. 402; *see also Deakle* 559 F. Supp. 3d at 526.

8.      Courts may take judicial notice of the existence of judicial proceedings in other

2

courts, but they may not take judicial notice of disputed facts merely because those facts were found in another proceeding. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998). As the Fifth Circuit has held, "were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous." *Id.* Courts "generally cannot take notice of findings of fact from other proceedings for the truth asserted therein" *Id*. (quoting *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997)).

9.     Moreover, Rule 201 authorizes judicial notice only of adjudicative facts, not legal determinations or mixed questions of fact and law. *See Doe v. McKesson*, 945 F.3d 818, 833 (5th Cir. 2019) (stating "We think that the district court was incorrect to take judicial notice of a mixed question of fact and law.").

10.    Even if evidence is relevant, the court may exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

### A. The Facts Defendants Seek to Have Judicially Noticed Are Not Relevant to Any Claim or Defense in This Case

11.    Defendants do not identify any claim or defense in this litigation to which Mr. Wang's revocation of his pro hac vice application in Colorado is relevant. *See* ECF No. 78. Relevance is a foundational requirement for all evidence, including facts subject to judicial notice. *See* Fed. R. Evid. 402; *United States ex rel. Branch Consultants, L.L.C.* 668 F. Supp. 2d at 789 (stating "Courts may not take judicial notice of irrelevant facts"); *See also Emmons*, 524 F. App'x

at 997 (denying a request to take judicial notice pertaining to district court proceedings in an unrelated matter); *Deakle* 559 F. Supp. 3d at 526 (stating "Courts should not take judicial notice of irrelevant facts.").

12.     Evidence is relevant only if it has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401.

13.     Defendants argue that the Colorado court's revocation of Mr. Wang's pro hac vice admission is "germane to the administration of the case currently before this Court" without any further argument as to how the facts would be relevant to any claim or defense. *See* ECF No. 78. However germaneness to case administration is not the test for relevance and does not imply that the facts Defendant seeks to introduce would be probative for any fact of consequence. This case involves allegations against USA Fencing Association and individual defendants concerning discrimination under Title IX, false advertising under the Lanham Act, Texas deceptive trade practices statutes, and other associated claims arising from athletic competitions in Texas. ECF No. 1. The professional conduct of Plaintiffs' attorney in a separate jurisdiction has no bearing on any elements of Plaintiff's claims nor any elements of Defendants' defenses. See *id*. Defendants do not identify how the facts which they seek to introduce could be of consequence to any element of any claim or defense asserted in this case. See ECF No. 78.

14.     Because Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," Defendants must show how Mr. Wang's pro hac vice status in a different proceeding makes any fact concerning Plaintiffs' claims more or less probable. *Wellogix,* 716 F.3d at 882. Defendants have not and cannot make this showing.

15.     In *Carter v. Massey-Ferguson, Inc*., the Fifth Circuit emphasized that evidence is

4

relevant only if it relates to a fact "of consequence" to the action. *Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 347 (5th Cir. 1983) To determine relevance, courts must look to the underlying substantive law that defines what facts are "of consequence." *Id*. At 347. Here, the substantive law governing Plaintiffs' claims against Defendants does not make the conduct of Plaintiffs' attorney in a different state an element of any claim or defense. *See generally* ECF No. 1.

16.     Because Defendants have not, and cannot articulate as to how the revocation of a pro hac vice application is an adjudicate fact that bears relevance to a claim or defense, this Court should reject the request for judicial notice on the basis of relevance.

## B. The Request for Judicial Notice Is Inappropriate Because Mr. Wang Has Filed a Motion to Withdraw as Counsel.

17.     Even if the facts Defendants seek to have judicially noticed were relevant at some prior point, any relevance has been eliminated by Mr. Wang's motion to withdraw. ECF No. 79. Mr. Wang filed his motion to withdraw on June 17, 2026, one day after Defendants filed their request for judicial notice. See *Id*. In his supporting declaration, Mr. Wang explains that he is withdrawing and believes "that it is in the client's best interest that I withdraw from the current representation." ECF No. 79-1.

18.     Defendants' request for judicial notice thus concerns an attorney who will no longer participate in this case, pending completion of withdrawal from the case. *See* ECF No. 79. Whatever marginal relevance to case administration might have existed when Defendants filed their request has been eliminated by the withdrawal motion. See *id*. Taking judicial notice of facts concerning a former attorney serves no purpose other than to inject collateral matters into the litigation and distract from the merits. Accordingly, Defendants' request for this court to take judicial notice of facts pertaining to revocation of Attorney Charles Wang's pro hac vice

5

application in Colorado should be denied.

### C. Judicial notice of Court Proceedings may not be taken for truth of the matter therein.

19.    Even if the Colorado court's findings were relevant, which they are not, this Court cannot take judicial notice of those findings for the truth of whatever facts are asserted therein, as "courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein." *Taylor* 162 F.3d at 830. While courts may take judicial notice of the existence of judicial proceedings, they may not take notice of factual findings merely because they appear in another court's order. *See PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 575 (5th Cir. 2025) (citing *Whitaker v. Collier*, 862 F.3d 490, 496 n.10 (5th Cir. 2017)).

20.    To the extent that Defendants seek judicial notice of not merely of the existence of the Colorado court's order, but of any factual findings underlying that order, this Court should deny judicial notice of such facts.

### D. The Facts Defendant seeks judicial notice of do not have probative value that outweighs prejudice, would confuse the issues, and confuse a jury.

#### i.    Weight of Probative value against prejudice.

21.    Even if the facts pertaining to Mr. Wang's pro hac vice status in Colorado had some minimal relevance, they should be excluded under Fed R Evid R 403 because their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and undue delay.

22.    The Fifth Circuit has recognized that even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Wellogix*, 716 F.3d at 882; *Novick v. Shipcom Wireless, Inc.*, 946

6

F.3d 735, 740 (5th Cir. 2020). Here, the requested judicial notice serves no probative purpose and risks only prejudice, confusion, and delay.

23.     Introducing documents with Mr. Wang's revocation for his pro hac vice application would unfairly prejudice Plaintiffs, as it will conflate Mr. Wang's unrelated lapse in his New York Bar license with the merits of Plaintiffs' claims, despite the lack of any connection between the two. Defendants appear to seek judicial notice for the improper purpose of casting aspersions on Plaintiffs' counsel rather than addressing the merits of the dispute. This would undermine Plaintiffs' ability to receive a fair adjudication of their claims. Accordingly, this Court should deny Defendants' request.

### ii.     Defendant seeks to inject collateral issues which would confuse the issues, and cause undue delay.

24.     The Fifth Circuit has recognized that courts should avoid confusion of the issues and undue delay when considering the admissibility of evidence. Fed R Evid. R 403, *Wellogix*, 716 F.3d at 882, *Novick*., 946 F.3d at 740. Granting Defendants' request would do precisely what Rule 403 seeks to prevent through the injection of collateral issues. The facts Defendant requests judicial notice of would confuse the issues by focusing attention on attorney licensure matters unrelated to the claims and defenses, and it would cause undue delay by requiring Plaintiffs to respond to collateral attacks on counsel rather than addressing the substance of the case.

25.     The facts pertaining to Mr. Wang's pro hac vice status in Colorado involve matters unrelated to the facts of this case, including Mr. Wang's New York bar suspension for administrative reasons and his subsequent reinstatement efforts. These issues have no bearing on the claims against Defendants arising from the athletic events hosted by Defendants in Plaintiff's complaint,   and would only serve to confuse the issues and complicate the proceedings.

26.     Permitting judicial notice of the unrelated attorney the pro hac vice revocation in

7

would serve no legitimate purpose and would create perverse incentives. Parties could use requests for judicial notice as a tactic to harass opposing counsel, distract from the merits, and impose additional costs on their adversaries. This would undermine the efficient administration of justice and discourage attorneys from representing clients in complex litigation. This court should reject Defendants' request accordingly.

## CONCLUSION

For the foregoing reasons, Plaintiffs Julia Ya Zhao, Frederick Hausheer, and Hongran Stone, individually and on behalf of all others similarly situated, respectfully request that this Court deny Defendants' request for judicial notice of facts pertaining to the revocation of Charles Wang's Pro Hac Vice application in Colorado.

Dated: June 30, 2026

Respectfully Submitted,

*/s/ Timothy T. Wang*
Timothy T. Wang
TX Bar #：  24067927
twang@nilawfirm.com
**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln
Suite 615
Dallas, TX 75231
(972) 331-4600


James T. Bacon (admitted *pro hac vice*)
VA Bar #：22146
jbacon@mbhylaw.com
**Mahdavi, Bacon, Halfhill & Young, PLLC**
11350 Random Hills Rd.
Suite 700
Fairfax, Virginia 22030
(703) 420-7620

*Counsel for Plaintiffs Julia Ya Zhao,*
*Frederick Hausheer, Hongran Stone,*

*individually and on behalf of all others*
*similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, a true and correct copy of the foregoing has been electronically served on all parties and/or their counsel of record by ECF and in accordance with the Federal Rules of Civil Procedure.

*/s/ Timothy T. Wang*
Timothy T. Wang