**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| Julia Ya Zhao, Frederick Hausheer, Nana Pan, Hongran Stone, individually and on behalf of all others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>USA FENCING ASSOCIATION a Colorado Nonprofit Corporation<br><br>and<br><br>Donald Alperstein, David Arias, Phil Andrews, Damien Lehfeldt, Lauryn Deluca, and Kat Holmes, individually.<br><br>*Defendants*. | Civil Action No. 4:25-cv-00931-O |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE, SUBJECT TO AND WITHOUT WAIVER OF THEIR MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION, TO TRANSFER VENUE, COMPEL ARBITRATION AND ALL OTHER DEFENSES**

Defendants United States Fencing Association ("USFA"), Donald Alperstein ("Alperstein"), David Arias ("Arias"), Phil Andrews ("Andrews"), Damien Lehfeldt ("Lehfeldt"), Lauryn Deluca ("Deluca"), and Kat Holmes ("Holmes") (collectively, "Defendants") file this Reply in support of their Request for Judicial Notice and Consideration of Documents Incorporated by Reference (Dkt. 78), subject to and without waiver of their Motions to Dismiss for Lack of Personal Jurisdiction, to Transfer Venue, Compel Arbitration (Dkts. 24–40, 65), and all other defenses, and in support would show:

## I.    USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

1.    As required by Local Rule 7.2(f), Defendants hereby disclose unto the Court that counsel prepared this brief with assistance of generative artificial intelligence.

## II.    INTRODUCTION

2.    Instead of amending his Application and disclosing the status of his admission into other bars, Mr. Wang sought to avoid another inquiry into representations before another court by moving for withdrawal. To this end, he also makes even more curious representations.

3.    Plaintiffs concede that this Court may take judicial notice of the existence of proceedings in other courts. (Dkt. 80, ¶ 6). Their suggestion that Defendants ask this Court to adopt the Colorado court's findings as true, (*Id*. at ¶ 13) is misplaced. In fact, Defendants ask only that the Court take notice of the fact and content the Colorado order revoking Mr. Wang's pro hac vice admission and the parties' briefing on that motion ("Colorado Records"), as public court records under Federal Rule of Evidence 201. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998). Thereafter, in the Court's sound discretion, Defendants ask that the Court consider the Colorado Records in determining whether sanctions against Mr. Wang are warranted.

4.    Defendants direct the Court's attention to the potential ethical violations, including, a lack of candor, in the Application for Admission Pro Hac Vice ("Application"), which contains misrepresentations already deemed "false" on June 3, 2026, by the Colorado court, in the Colorado Records. (Dkt. 8; Dkt. 78-2, p. 2, ¶¶ 3–4 ("experiencing infirmity in China… during the COVID Period is therefore false on both location and cause… [and] the 'in the process of being reinstated' representation was false when made.). As further detailed in Defendants' Request for a Show-Cause Order (Dkt. 82, ¶¶ 2, 5, 7–10), which Defendants referenced and incorporated verbatim into their Response to Motion for Withdrawal of Counsel for Plaintiffs, as if fully stated in therein,

(Dkt. 79, ¶ 3), comparing Mr. Wang's Declaration and his Affidavit in the Colorado Records, reveals that they are nearly identical in substance, making identifying the six (6) discrete revisions easy and the timing curious. Because Mr. Wang signed the Declaration only after the Colorado court had found his account "false" and revoked his admission (Dkt. 78-2, p. 2, ¶¶ 3–4), each independent edit reflects testimony deliberately revised to try to overcome the adverse ruling from Colorado as part of his withdrawal before this Court.

5.      The pending motion to withdraw neither cures those representations nor strips the Court of authority to consider them. To the contrary, the withdrawal request nullifies any argument that they are irrelevant— the withdrawal makes them squarely relevant. He has now made them at least twice, and the accounts do not match. The changes between them seem calculated. While Defendants maintain that they are relevant to the merits of Plaintiffs' claims,[1] the Colorado Records are also relevant to the Court's policing power over Mr. Wang. By moving for withdrawal, Plaintiffs opened the door for further inquiry into Mr. Wang's conduct before this Court. The relevance, mootness, truth-of-the-matter, and Rule 403 objections all fail.

### III.    FACTUAL BACKGROUND

6.      On June 16, 2026, Defendants requested that the Court take judicial notice, under Federal Rule of Evidence 201, of four (4) public records from *Geva v. USA Fencing*, No. 2025CV31304 (Dist. Ct., El Paso Cnty., Colo.): the order revoking Mr. Wang's pro hac vice admission and the parties' briefing on the motion to revoke. (Dkt. 78). Defendants offered these records in support of their pending motions to dismiss, transfer, and compel arbitration, as well as

---

[1] Counsel for Plaintiffs have engaged in coordinated lawfare against Defendants through litigation in Colorado state court, Missouri federal district court, and this Court to harry Defendants on baseless and frivolous claims, at least as far as Colorado and Missouri have found.  The conduct of counsel for Plaintiffs in other jurisdictions and before this Court implicates their representations to this Court under Federal Rule of Civil Procedure 11(b). *See Guzzi Vincenti, et. al. v. USA Fencing Assoc., et. al.*, No. 4:25-cv-00850-JFG, (W.D. Mo. May. 20, 2026) (Hereinafter "Missouri Case"); *see* Missouri Case, Dkts. 3, 5 (Pro Hac Vice Application and Order for Mr. Wang).

part of the responsibility as officers before this Court. (Dkt. 78).

7.  Mr. Wang was admitted to this Court pro hac vice on August 27, 2025, on the Court's order granting his verified application. (Dkts. 8, 8-2, and 11). His application attached a District of Columbia certificate stating that he is "an Active member in good standing" of that bar. (Dkt. 8-1). In that same application, Mr. Wang certified "N/A" in Section VI to whether he had ever involuntarily lost the right to practice before any court, and represented in Section VII that he had been "suspended by the New York bar solely due to failure to register during the COVID period" and was "in the process of being reinstated." (Dkt. 8, p. 2).

8.  On June 30, 2026, Plaintiffs filed their Opposition to Defendants' Request for Judicial Notice. (Dkt. 80). They contend that the Colorado records are irrelevant to any claim or defense, that Mr. Wang's motion to withdraw (Dkt. 79) moots their request, that the Court may not take notice of the Colorado findings for their truth, and that Federal Rule of Evidence 403 bars notice. (Dkt. 80). That aside, Plaintiffs concede that "[c]ourts may take judicial notice of the existence of judicial proceedings in other courts." (Dkt. 80, p. 2, ¶ 6).

9.  Since Defendants' request for judicial notice, the Colorado Records have only become more relevant to this Court's processes. Indeed, Defendants have asked the Court to retain jurisdiction over Mr. Wang's conduct notwithstanding any withdrawal (Dkt. 81), and to enter an order directing him to show cause why he should not be sanctioned for the uncorrected misrepresentations in his application (Dkt. 82).

## IV.  ARGUMENT & AUTHORITY

**A.  Defendants seek notice only of the fact that the Colorado revoked Mr. Wang's Pro-Hac-Vice Admission**

10.  Plaintiffs' Opposition relies on authority that allows the Court to consider the Colorado Records. (Dkt. 80, ¶ 8 (citing *Taylor v. Charter Medical Corp.*, 166 F.3d 827, 830 (5th

4

Cir. 1998)). In *Taylor*, the Fifth Circuit held that a court may take judicial notice of a document filed in another court "to establish the fact of such litigation and related filings," even though it may not notice another court's factual findings for their truth. *Id.* at 831. Defendants ask that the Court take notice of the Colorado Records, not notice of the Colorado court's opinion, reasoning, and basis, in considering whether disciplinary action is warranted. (*See* Dkt. 82, ¶¶ 13–15 (citing *In Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 528 (5th Cir. 1992) (holding that a knowing misrepresentation to the Court is itself sanctionable "unethical behavior" under this district's disciplinary rule); *In re Wick*, 628 F.3d 379, 380 (7th Cir. 2010) (holding that issues about whether misrepresentations were made "should not be swept under the rug," in affirming that disbarment from a federal bar is the appropriate sanction, despite request to voluntarily withdraw, after being disbarred by the state bar, for fraudulent billing practices)). Defendants request that the Court resolve any issues of candor and ethics, before, or concurrently with, any withdrawal of Mr. Wang. The Court should consider the Colorado Requests in this endeavor.

**B.    The noticed records are relevant to the Court's disciplinary investigation inquiry**

11.    Relevance is not confined to the elements of Plaintiffs' claims, though certainly the apparent lack of candor of counsel submitting pleadings to any court is relevant to an inquiry into those same claims. Rule 201 permits a court to take judicial notice "at any stage of the proceeding." FED. R. EVID. 201(d). Defendants supplied the records with their request. (Dkt. 78). Additionally, in some instances, it is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (moving to dismiss on collateral estoppel) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)). Once again, Defendants request the Court take notice of the fact and the date that the Colorado took judicial action in revoking Mr. Wang's pro hac vice admission before it. The Fifth Circuit has

5

held that "[courts] may take judicial notice of another court's judicial action." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) (citations omitted). Defendants do not ask the Court to consider the Colorado Records, *de novo*, in exercising its policing power under Local Civil Rule 83.8(b), merely the fact that the Colorado court revoked Mr. Wang's *pro hac vice* and when, which Mr. Wang should have voluntarily disclosed to this Court yet did not.

### C.    The motion to withdraw does not moot the request or divests the Court of authority

12.    Plaintiffs argue the request is mooted by Mr. Wang's motion to withdraw. (Dkt. 80). It is not. A federal court's inherent power to "control admission to its bar and to discipline attorneys who appear before it" does not lapse when an attorney seeks to exit. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted). The Court likewise retains the power to investigate whether it has been misled. *Id.* at 44. The representations in Mr. Wang's Application remain uncorrected on this Court's docket whether or not he withdraws, and the Colorado Records inform the Court's resolution of the withdrawal motion and the pending show-cause request. (Dkts. 81, 82).

### D.    Rule 403 does not bar judicial notice of the Colorado Records

13.    Plaintiffs' Rule 403 objection is misplaced. Rule 403 weighs probative value against dangers such as "confusing the issues" and "misleading the jury" at trial. FED. R. EVID. 403. Defendants offer these records to the Court in support of pending motions to dismiss, to transfer, and to compel arbitration, and in aid of the Court's supervision of its own bar, all of which are matters the Court decides, so there is no risk of confusing or misleading the jury. Taking notice of the fact that the Colorado court took judicial action by revoking Mr. Wang's pro hac vice admission in that case, works no unfair prejudice to Plaintiffs, whose claims are untouched by it. Once again, Mr. Wang's Declaration is nearly identical in substance to his Affidavit in the Colorado Records, which makes identifying the six (6) discrete revisions easy and the timing

6

curious, even more so by not correcting his application before this Court. Arguably, candor would call for amending the Application and disclosing the new circumstances to the Court, promptly upon learning of them. But, by moving for withdrawal in this matter, failing to disclose the Colorado Records in his Declaration, and opting to double down on the same proffered excuses instead, Plaintiffs opened the door for further inquiry into Mr. Wang's conduct before this Court. The Court should consider all representations by Mr. Wang, including the Colorado Records, investigate his conduct, and take appropriate action, before allowing him to withdraw.

## V.   CONCLUSION & PRAYER

Based on the foregoing, Defendants respectfully request that the Court grant their Request for Judicial Notice and take judicial notice of the fact and content of the Colorado state-court records in Defendants' Request (Dkt. 78), and grant such further relief as the Court deems just.

DATED: July 14, 2026

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Robert Lemus* _____
Robert Lemus
Texas Bar No.: 24052225
rlemus@grsm.com
Arman Nikkhoo
Texas Bar No. 24107649
anikkhoo@grsm.com
1900 West Loop South, Suite 1000
Houston, Texas 77027
(713) 490-4869 – Telephone
(713) 961-3938 – Facsimile

**ATTORNEYS FOR DEFENDANTS**
**UNITED STATES FENCING ASSOCIATION,**
**DONALD ALPERSTEIN, PHIL ANDREWS,**
**DAVID ARIAS, LAURYN DELUCA, KAT**
**HOLMES, and DAMIEN LEHFELDT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the July 14, 2026, a true and correct copy of the foregoing instrument has been electronically served on all parties and/or their counsel of record by ECF and in accordance with the Federal Rules of Civil Procedure.

*/s/ Robert Lemus*
Robert Lemus
